IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DELORES WARD,
     Plaintiff,

vs.                                     Case No. 5:09cv380/RS/EMT

MICHAEL J. ASTRUE,
  Commissioner of the
  Social Security Administration,
     Defendant.

_____/

## ORDER, REPORT AND RECOMMENDATION

Plaintiff Delores Ward initiated this action by filing a complaint for judicial review of a final decision of the Defendant Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401–34 (Doc. 1).[1] The action was referred to the undersigned magistrate judge—pursuant to the authority of 28 U.S.C. § 636(b) and Local Rules 72.1(A), 72.2(D) and 72.3 of this court relating to review of administrative determinations under the Act—for all proceedings, including preliminary orders, conduct of necessary hearings, and filing of a report and recommendation containing proposed findings of fact and conclusions of law and recommending disposition of the complaint.

Now before the court is the Commissioner's Amended Motion to Dismiss and brief and exhibits in support, which motion is based upon an assertion that Plaintiff failed to timely seek review of the Commissioner's decision in this court (Doc. 17 & Attachs). Plaintiff responded in opposition to the motion (Doc. 19). Because the Commissioner submitted a declaration and exhibits in support of his motion, and Plaintiff attached an exhibit to her response, the parties were advised

---

[1] In the complaint Plaintiff states she seeks review of the Commissioner's decision denying her application for DIB and for Supplemental Security Income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381–83 (Doc. 1 at 1, ¶ 1). The decision of the Administrative Law Judge, however, reflects that Plaintiff applied only for DIB (Doc. 17, Ex. 1), as does other information in the record before this court (*see, e.g.*, Doc. 17 and Attached Declaration at 1–2 (both reflecting that Plaintiff's claim arose under "Title II of the Social Security Act" only)). It thus appears that this case concerns only a claim for DIB, but the undersigned's recommendation is the same—regardless of whether Plaintiff applied for DIB only or for DIB and SSI—because the analysis is the same.

that the Commissioner's motion would be considered as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Doc. 20). The parties were also advised of the importance and ramifications of Rule 56 summary judgment consideration, given notice that summary judgment review would be conducted on or after September 10, 2010, and advised that additional evidentiary materials could be submitted prior to September 10 (*id.*). Following the court's advisement, neither party submitted additional materials, and the deadline for doing so has passed. Thus, the Commissioner's motion for summary judgment is now ripe for consideration. As set forth below, the court recommends that the Commissioner's motion for summary judgment be granted.

I.    MATERIAL FACTS

The following facts, relevant to the Commissioner's motion for summary judgment, are undisputed and established by exhibits in the summary judgment record. On March 3, 2009, an Administrative Law Judge ("ALJ") issued an unfavorable decision, finding that Plaintiff was not entitled to disability benefits (Doc. 17-2 at 3; Doc. 17-3).[2] Plaintiff then requested review with the Appeals Council (Doc. 17-2 at 3). On September 23, 2009, the Appeals Council denied Plaintiff's request for review, and on the same day mailed to Plaintiff notice of its decision denying review (*see id.* at 3; Doc. 17-4). The notice was mailed to Plaintiff at: Post Office Box 556, 151 Harvey Hicks Road, Ashford, Alabama 36312 (Doc. 17-2 at 3; Doc. 17-4). A copy of the notice was mailed to Brian Carmichael, Plaintiff's attorney during the administrative phase of this case (Doc. 17-2 at 3; Doc. 17-4 at 3). The notice denying review advised that Plaintiff had sixty (60) days from the date of receipt of the notice to file a civil action in an appropriate United States District Court and that the notice was presumed received five days after its date unless Plaintiff demonstrated otherwise (Doc. 17-2 at 3; Doc. 17-4 at 2).[3] Plaintiff initiated the instant action on November 30, 2009 (*see* Doc. 1; Doc. 17-2 at 4). Mr. Baskerville has averred, that as of March 25, 2010, the Commissioner had no knowledge of any request for an extension of time—made by Plaintiff or her attorney—within which to commence this action (Doc. 17-2 at 3–4).

---

[2] The page references used hereafter in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned. Additionally, it is noted here that any reference to Doc. 17-2, pages 1–4, refers to the declaration of Earnest Baskerville, the Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review of the Social Security Administration (Mr. Baskerville's declaration is an unsworn statement which was submitted pursuant to 28 U.S.C. § 1746 as being true under the penalty of perjury) (*see* Doc. 17-2 at 4).

[3] Thus, Plaintiff's federal civil action must have commenced on or before November 27, 2009, sixty-five days from September 23, 2009, the date of the Appeals Council's notice denying review.

On June 4, 2010, the Commissioner filed the instant Amended Motion to Dismiss, in which he asserts that this action is subject to dismissal because Plaintiff failed to file her complaint within sixty (60) days of her presumptive receipt of the Appeals Council's notice dated September 23, 2009 (*see* Doc. 17), which notice established a filing date of November 27, 2009 (*see* Doc. 17; *see also* footnote 3, *supra*).

Plaintiff filed a response in opposition to the Commissioner's motion, in which she generally asserts that the deadline for filing should be equitably tolled (*see* Doc. 19). As grounds therefore, Plaintiff states that on November 25, 2009, she "presented her complaint and accompanying documentation to the United States Postal Service for Express Mail Delivery to the United States District Courthouse for the Northern District of Florida," Pensacola Division, and was advised that the "scheduled date of delivery" was November 27, 2009 (Doc. 19 at 1).[4] The complaint, however, was not delivered until November 30, 2009, on which date it was processed and filed by the clerk of this court (*see* Doc. 19 at 1). Plaintiff essentially avers that since she was informed by the postal service that her complaint would be delivered on the due date for filing her complaint, equitably tolling is warranted and appropriate, noting that neither she nor the Commissioner has been prejudiced by the late filing, and that had she been advised that the postal service would be unable to deliver her complaint on November 27, she "would have found alternative means of delivery" (Doc. 19 at 1–2).

II.     LEGAL STANDARDS

A.     Summary Judgment

A motion for summary judgment should be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2553–54, 91 L. Ed. 2d 265 (1986). Evidence presented by Plaintiff in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to her. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); Jones v. Cannon, 174 F.3d 1271, 1282 (11th Cir. 1999).

---

[4] In support of her contentions, including those regarding the mailing date and representations made by postal service personnel, Plaintiff has submitted an Express Mail receipt, which reflects the following: 1) her complaint was accepted for mailing on November 25, 2009, by the United States Postal Service in Enterprise, Alabama; 2) Plaintiff paid for a two-day delivery; 3) the delivery was "scheduled" for November 27, 2009, at 3:00 p.m.; and 4) the complaint was mailed by or "from" "Brock & Stout," Post Office Box 31167, Enterprise, Alabama 36331(*see* Doc. 19-1 at 2). Quint Eric Brock, of the law firm Brock and Stout, LLC, is Plaintiff's counsel in the instant case (*see, e.g.*, Doc. 1).

In order to prevail on his motion for summary judgment, the Commissioner must show that Plaintiff has no evidence to support her case on the narrow issue raised in the motion. *See* Celotex Corp., 477 U.S. at 322–23. If the Commissioner successfully negates an essential element of Plaintiff's case, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of material fact. *Id.* The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence or conclusory allegations is insufficient. Celotex Corp., 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). Plaintiff must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion. Celotex Corp., *supra*; Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997) ("Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'") (quoting Celotex Corp., 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(c), (e))); Hammer v. Slater, 20 F.3d 1137 (11th Cir. 1994). Lastly, an affidavit supporting or opposing a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1).

B.     Review of the Commissioner's Final Decision

The United States "is immune from suit save as it consents to be sued," and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments. Lehman v. Nakshian, 453 U.S. 156, 160, 101 S. Ct. 2698, 69 L. Ed. 2d 548 (1981) (quoting United States v. Testan, 424 U.S. 392, 399, 96 S. Ct. 948, 47 L. Ed. 2d 114 (1976)). Congress waived sovereign immunity in 42 U.S.C. § 405(g), by giving federal courts jurisdiction to review and modify or reverse the Commissioner's decisions. *See* Huie v. Bowen, 788 F.2d 698, 705 (11th Cir. 1986). Thus, the remedies outlined in that statute are the exclusive source of federal court jurisdiction over cases involving DIB claims such as Plaintiff's. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

Section 405(g) provides that a claimant may obtain review of the Commissioner's decision by filing "a civil action commenced within sixty days after the mailing to [her] of notice of such

decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . ." 42 U.S.C. § 405(g).[5] The Supreme Court has held "that application of a traditional equitable tolling principle to the 60-day requirement of § 405(g) is fully consistent with the congressional purpose and is nowhere eschewed by Congress." Bowen v. City of New York, 476 U.S. 467, 480, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986) (internal quotation marks and citation omitted). Thus, "the doctrine of equitable tolling is available to a claimant whose § 405(g) challenge in the district court was untimely." Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007).

In Jackson, the Eleventh Circuit held that "traditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances." 596 F.3d at 1353 (citing Waller v. Comm'r, 168 Fed. Appx. 919 (11th Cir. 2006)). The extraordinary circumstances standard "may be met 'where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her . . . .'" Id. (quoting Waller, 168 Fed. Appx. at 922). Extraordinary circumstances sufficient for equitable tolling may, similarly, include fraud, misinformation, or deliberate concealment, and whether the facts of a particular case demonstrate extraordinary circumstances is a fact-specific determination. Jackson, 506 F.3d at 1354–55 (citing Cabello v. Fernandez-Larios, 402 F.3d 1148, 1154 (11th Cir. 2005)); see also Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005) (doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way).

Thus, in sum, a finding of extraordinary circumstances is necessary before the Social Security Administration's statutory period may equitably be tolled, "and this determination 'is reserved for extraordinary facts.'" Id. at 1353–54 (citing Cabello, 402 F.3d at 1148); see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) (noting that equitable tolling "is to be applied sparingly."). Indeed, the Eleventh Circuit has defined "extraordinary circumstances" narrowly. See, e.g., Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (equitable tolling is typically applied sparingly); Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), aff'd, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005) (equitable tolling is available "only in truly extraordinary circumstances"); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) ( per curiam ) (stating that equitable tolling is "'appropriate when a movant

---

[5] By regulation, 20 C.F.R. § 404.981, the Commissioner has interpreted "mailing" to mean the date that the claimant receives the decision; the Commissioner has further provided by regulation that the "[d]ate you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period." 20 C.F.R. § 404.901.

untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence'") (citations omitted); *see also* <u>Wakefield v. Railroad Retirement Bd.</u>, 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."); <u>Sandvik v. United States</u>, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to equitably toll AEDPA's statute of limitations on the basis of attorney negligence). Likewise, in <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147, 151–52, 104 S. Ct. 1723, 1726, 80 L. Ed. 2d 196 (1982) (per curiam), the Supreme Court indicated that a statutory period may be tolled in limited circumstances, i.e., where the delay resulted from conduct engaged in by other parties without any apparent negligence by the plaintiff. In such situations equity would not be served by barring the cause of action. *See also* <u>Bowen</u>, 106 S. Ct. at 2030 (noting that tolling may be appropriate in "the rare case such as this" where the government's secretive conduct prevented the plaintiffs from learning of their rights). The Supreme Court has also stated:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

<u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 96, 111 S. Ct. 453, 457, 112 L. Ed. 2d 435 (1990) (footnotes omitted). In this vein, the Eleventh Circuit has noted that "the interests of justice side with the defendant when the plaintiff does not file her action in a timely fashion despite knowing or being a position reasonably to know that the limitations period is running." <u>Justice v. United States</u>, 6 F.3d 1474, 1479 (11th Cir. 1993) (citations omitted).

III.    DISCUSSION

The Appeals Council denied Plaintiff's request for review on September 23, 2009 (notice of which was mailed to Plaintiff and her attorney the same day), which denial rendered the ALJ's decision the final decision of the Commissioner. Accordingly, Plaintiff must have commenced this action on or before November 27, 2009, unless she makes a "reasonable showing" that she did not receive the Appeals Council's notice within five days of its date or the Commissioner has granted an extension of time within which to seek review. Plaintiff does not assert that she failed to receive the notice within the presumptive five-day window,[6] and the summary judgment record establishes that no extension was granted by the Commissioner. It is therefore undisputed that the complaint, filed November 30, 2009, was untimely.

---

    [6] Indeed, the assertions made by Plaintiff in her response (Doc. 19) establish that she was well aware of the November 27 deadline.

The burden thus falls on Plaintiff to establish that an exception to the statute of limitations or tolling provision applies. Blue Shield v. Weitz, 913 F.2d 1544, 1552 n.13 (11th Cir. 1990) ("Once a defendant shows that the applicable statute of limitations bars the claim, the burden shifts to the plaintiff to demonstrate that an exception or tolling provision applies."). The court concludes that Plaintiff has not made the requisite showing, such that the Commissioner should be estopped from asserting the affirmative defense of statute of limitations.

It is undisputed that the decision denying review was mailed to Plaintiff and her attorney and that it was received well within the time provided for commencing a civil action. Thus, the Appeals Council committed no misconduct with regard to its obligation to timely notify Plaintiff of its decision denying review. Similarly, neither the Appeals Council nor the Commissioner committed any acts or engaged in any conduct that resulted in the delay in this case; rather, the record establishes that the untimely filing of Plaintiff's complaint is solely attributable to her counsel's "last-minute" mailing of the complaint. See Baldwin County Welcome Center, 466 U.S. at 151–52 (statutory period ordinarily should not be tolled where delay did not result from conduct engaged in by other parties without any apparent negligence by the plaintiff). Stated another way, it is plainly evident that the late filing in this case is the result of counsel's lack of due diligence in preserving Plaintiff's rights, not the result of extraordinary circumstances that were both beyond Plaintiff's control and unavoidable even with diligence. See Wade, 379 F.3d at 1265. See also Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 396–97, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (recognizing that in various contexts "clients must be held accountable for the acts and omissions of their attorney"); United States v. Boyle, 469 U.S. 241, 105 S. Ct. 687, 83 L. Ed. 2d 622 (1985) (holding that a client could be penalized for counsel's tardy filing of a tax return); Link v. Wabash R. Co., 370 U.S. 626, 633, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (finding that "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client"); Mason v. Department of Justice, 39 Fed. Appx. 205, 207–08 (6th Cir. 2002) ("for purposes of determining whether equitable tolling applies, the actions of plaintiffs' attorneys are attributable to their clients") (citing Jarrett v. Kassel, 972 F.2d 1415, 1426 (6th Cir. 1992)).

In reaching this conclusion, the undersigned has accepted as fact the assertions made by Plaintiff, including: 1) that Plaintiff's counsel was advised by postal service personnel that Plaintiff's complaint would be delivered on November 27, 2009, and 2) that the postal service issued a receipt to counsel reflecting that date as the date on which the complaint was to be delivered. Notwithstanding, the conduct of counsel in waiting until the "eleventh hour" to mail Plaintiff's complaint—especially considering that the receipt provided by the postal service reflected an

estimated delivery time late in the afternoon on the last day for filing—constitutes negligence. Moreover, other options were available to counsel to <u>ensure</u> timely delivery of Plaintiff's complaint, including hand-delivery or mailing the complaint on an earlier date. *See* <u>Sandvik</u>, 177 F.3d at 1272 (finding no equitable tolling where delay was caused by counsel's decision to mail Section 2255 motion from Atlanta to Miami, by use of regular mail, less than a week before the motion was due). Indeed, "[w]hile the inefficiencies of the United States Postal Service may be a circumstance beyond [Plaintiff's] control, the problem was one that [her] counsel could have avoided by mailing the [complaint] earlier or by using a private delivery service or even a private courier." *Id.* Likewise, counsel could have filed the complaint electronically, as electronic filing has been available in this court—indeed, generally required by this court—since long before November 2009. *See* Loc. R. N.D. Fla. 1.1 (providing in relevant part that "[c]ommencing on January 1, 2004, this will be an electronic court and electronic filing will be required in most civil and criminal cases"); Loc. R. N.D. Fla. 5.1(A)(1) (providing in relevant part, with limited exceptions not applicable here, that "[a]ll documents in civil and criminal cases shall be filed by electronic means").[7]

Congress intended section 205(g) to "compress the time for judicial review," <u>Matlock v. Sullivan</u>, 908 F.2d 492, 494 (9th Cir. 1990) (citation omitted), and Plaintiff has pointed to no "equities in favor of tolling the limitations period [that] are 'so great that deference to the agency's judgment is inappropriate.'" <u>Bowen</u>, 476 U.S. at 480 (quoting <u>Mathews v. Eldridge</u>, 424 U.S. 319, 330, 96 S. Ct. 893, 900, 47 L. Ed.2 d 18, 30–31 (1976)); *see also, e.g.,* <u>Ross v. Buckeye Cellulose Corp.</u>, 980 F.2d 648, 661 (11th Cir. 1993) (the burden is on the plaintiff to show that equitable tolling is warranted). The court therefore concludes that the doctrine of equitable tolling should not be applied in this case.

---

[7] The court takes judicial notice of its own records reflecting that Attorney Brock was admitted to this court on September 19, 2003. And as a member of this court's bar he is charged with knowledge of the local rules of this court. Thus, he knew or should have known of the availability of electronic filing at the time he submitted Plaintiff's complaint for mailing (although Attorney Brock failed to electronically file Plaintiff's complaint, the undersigned has not considered this violation of the local rules in recommending that the Commissioner's motion be granted; rather, the court has merely identified electronic filing as another example of the options available to counsel to ensure timely filing of Plaintiff's complaint). *But see* <u>Beck v. Warden, Avenal State Prison</u>, No. CIV S-08-584/LKK/EFB/P, 2009 WL 145653, at *1 (E.D. Cal. May 19, 2009) (where United States Postal Service delivered petition late because counsel was unaware of and violated a new postal rule requiring that parcels over a certain weight be mailed in person at a post office counter, rather than deposited in an outgoing mailbox, the court noted: 1) that even if the petition had been received on time, counsel's failure to electronically file the petition as required by the court's local rules was negligent and that such negligence is not an extraordinary circumstance warranting equitable tolling; and 2) that therefore a certificate of appealability should not issue (regarding dismissal of habeas petition on the ground that it was filed beyond the one-year limitations period) because no "jurists of reason would find it debatable whether the failure to consult the local rules regarding electronic filing was attorney negligence"). In the future, however, Attorney Brock will be required to comply with the electronic filing requirements of this court, as will be directed in this order (the court's review of numerous cases filed by Attorney Brock in this district reveals repeated failures to file electronically since January 2004, including his failure to do so in the case he most recently filed, <u>Pouncy v. Astrue</u>, No. 5:10cv184/MCR/MD (filed July 6, 2010)).

In conclusion, after considering the Rule 56 evidentiary materials before this court, the undersigned concludes that no genuine issue of material fact exists, and further, that Plaintiff has failed to satisfy her burden of showing entitlement to equitable tolling. Thus, the Commissioner's properly-supported motion for summary judgment should be granted, as this action is barred by the statute of limitations.

Accordingly, it is **ORDERED**:

1.      That effective immediately Attorney Quinn Eric Brock shall be required to comply with all Local Rules for the Northern District of Florida, including those which mandate electronic filing of documents.[8]

And it is respectfully **RECOMMENDED**:

1.      That the Commissioner's Amended Motion to Dismiss (Doc. 17), considered by the court as a motion for summary judgment, be **GRANTED**.

2.      That within **SEVEN (7) DAYS** of the date of docketing an order adopting this Report and Recommendation, Plaintiff's counsel shall certify to the court that he has provided his client with a copy of this Order, Report and Recommendation.

3.      That judgment be entered accordingly and the clerk be directed to close this file.

At Pensacola, Florida, this 29th day of October 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[8]   For information about electronic filing, including registering or training for such filing, Attorney Brock may refer to the "CM/ECF" link at www.flnd.uscourts.gov or call Sheila Hurst-Rayborn, Acting Clerk of Court, at (850) 521-3535.